UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

AMILCAR AMBIELA,

    Plaintiff,

vs.

ROKO INVESTMENTS 2 LLC, a Florida
Limited Liability Corporation,
ROKO INVESTMENTS LLC, a Florida
Limited Liability Corporation d/b/a
OLENKA ARTISAN BAKERY,
OSCAR PRIETO, Individually,
OLENKA RIGLOS, Individually

    Defendants.
_____/

## COMPLAINT

Plaintiff AMILCAR AMBIELA (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants ROKO INVESTMENTS 2 LLC, a Florida Limited Liability Company (hereinafter "ROKO INVESTMENTS 2") and ROKO INVESTMENTS LLC, a Florida Limited Liability Company d/b/a OLENKA ARTISAN BAKERY (hereinafter "OLENKA ARTISAN BAKERY") OSCAR PRIETO, individually (hereinafter "PRIETO") and OLENKA RIGLOS, individually (hereinafter "RIGLOS") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants from on or about January 1, 2022, until on or about June 29, 2022, as a cook. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. ROKO INVESTMENTS 2 is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. ROKO INVESTMENTS 2 has its principal place of business in Weston, Florida. ROKO INVESTMENTS 2 had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. ROKO INVESTMENTS 2 is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, ROKO INVESTMENTS 2 has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce.

9. Specifically, ROKO INVESTMENTS 2 owns and operates the warehouse where some of the goods that are sold at OLENKA ARTISAN BAKERY are prepared. These goods are prepared using goods and materials that have been moved in or produced for commerce by any person.

10. OLENKA ARTISAN BAKERY is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. OLENKA ARTISAN BAKERY has its principal place of business in Weston, Florida. OLENKA ARTISAN BAKERY had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

11. OLENKA ARTISAN BAKERY is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Specifically, OLENKA ARTISAN BAKERY owns and operates a bakery located at 2246 Weston Road, Weston FL 33326. OLENKA ARTISAN BAKERY which uses goods or materials that have been moved in or produced for commerce by any person to prepare its products.

13. At all times material to this Complaint, OLENKA ARTISAN BAKERY has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce.

14. At all material times hereto, Defendants ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d) in that

    a. Both companies share the same principal place of business;

    b. Both companies share the same mailing address;

    c. Both companies share the same corporate officers;

15. OLENKA ARTISAN BAKERY and ROKO INVESTMENTS 2 upon knowledge and belief, separately and/or in combination have had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

16. Defendant PRIETO is the owner and manager and exercised operational control over the activities of, corporate Defendants, ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

17. Defendant PRIETO, acted directly in the interest of his companies, ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY. Upon all available information, PRIETO, controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

18. Defendant RIGLOS, is the owner and manager and exercised operational control over the activities of, corporate Defendants, ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

19. Defendant RIGLOS, acted directly in the interest of her companies, ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY. Upon all available information, RIGLOS, controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

20. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

21. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

22. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

23. Plaintiff began working for Defendants on or about January 1, 2022, through June 29, 2022, as a cook. His primary duties were unloading merchandise when it arrived, cooking, baking, and cleaning dishes. Plaintiff did not have independent decision-making authority.

24. During the course of his employment, Plaintiff regularly worked six (6) days a week for about seven (7) to ten (10) hours a day. Per the parties' agreement, Plaintiff was paid a salary of $1,000 a week regardless of the hours worked.

25. The Defendants established a weekly pay period, such that the employees were supposed to get paid once a week for the seven (7) day period ending immediately preceding. However, the wages due on the regularly established pay day began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late, or not at all.

26. As a result, Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed by Plaintiff during the relevant period.

27. Furthermore, at all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

28. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

29. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

30. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

31. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### VIOLATION OF FLSA/MINIMUM WAGES against ROKO INVESTMENTS 2

32. Plaintiff re-alleges and reaffirms paragraphs 1 through 31 as fully set forth herein.

33. This action is brought by Plaintiff to recover from Defendant ROKO INVESTMENTS 2 unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

34. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

35. ROKO INVESTMENTS 2 has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due for some of the hours he worked as alleged above.

36. ROKO INVESTMENTS 2, knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

37. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

38. By reason of the said intentional, willful and unlawful acts of ROKO INVESTMENTS 2, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

40. ROKO INVESTMENTS 2 never posted any notice, as required by the Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

41. As a result, ROKO INVESTMENTS 2's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ROKO INVESTMENTS 2.

WHEREFORE, Plaintiff respectfully prays for the following relief against ROKO INVESTMENTS 2:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME against ROKO INVESTMENTS 2

43. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

44. This action is brought by Plaintiff to recover from Defendant ROKO INVESTMENTS 2 unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

45. Since the commencement of Plaintiff's employment, ROKO INVESTMENTS 2 has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

46. Specifically, throughout his employment Plaintiff regularly worked over forty (40) hours during some of the workweeks in which he was employed. However, his pay was always the same regardless of the hours he worked.

47. ROKO INVESTMENTS 2 is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ROKO INVESTMENTS 2's business activities involve those to which the Fair Labor Standards Act applies.

48. Specifically, ROKO INVESTMENTS 2 was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§

3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ROKO INVESTMENTS 2's business activities involve those to which the Fair Labor Standards Act applies.

49. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as cooking food and pastries, unloading merchandise, washing the dishes, and did not have decision-making authority.

50. ROKO INVESTMENTS 2 has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

51. By reason of the said intentional, willful, and unlawful acts of ROKO INVESTMENTS 2, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

52. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

53. As a result of ROKO INVESTMENTS 2's willful violations of the Act, Plaintiff is entitled to liquidated damages.

54. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ROKO INVESTMENTS 2.

WHEREFORE, Plaintiff respectfully prays for the following relief against ROKO INVESTMENTS 2:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF FLSA/MINIMUM WAGES against OLENKA ARTISAN BAKERY

55. Plaintiff re-alleges and reaffirms paragraphs 1 through 31 as fully set forth herein.

56. This action is brought by Plaintiff to recover from Defendant OLENKA ARTISAN BAKERY unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

57. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

58. OLENKA ARTISAN BAKERY has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

59. OLENKA ARTISAN BAKERY knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid

minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

60. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

61. By reason of the said intentional, willful and unlawful acts of OLENKA ARTISAN BAKERY, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

62. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

63. OLENKA ARTISAN BAKERY never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

64. As a result, OLENKA ARTISAN BAKERY willful violations of the Act, Plaintiff is entitled to liquidated damages.

65. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from OLENKA ARTISAN BAKERY.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/OVERTIME against OLENKA ARTISAN BAKERY

66. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

67. This action is brought by Plaintiff to recover from Defendant OLENKA ARTISAN BAKERY unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

68. Since the commencement of Plaintiff's employment OLENKA ARTISAN BAKERY has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

69. Specifically, throughout his employment Plaintiff regularly worked over forty (40) hours during some of the workweeks in which he was employed. However, the wages Plaintiff received was always the same regardless of the hours he worked.

70. OLENKA ARTISAN BAKERY is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). OLENKA ARTISAN BAKERY's business activities involve those to which the Fair Labor Standards Act applies.

71. Specifically, OLENKA ARTISAN BAKERY was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). OLENKA ARTISAN BAKERY's business activities involve those to which the Fair Labor Standards Act applies.

72. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as cooking and washing the dishes and did not have decision-making authority.

73. OLENKA ARTISAN BAKERY has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

74. By reason of the said intentional, willful, and unlawful acts of OLENKA ARTISAN BAKERY, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

75. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

76. As a result of OLENKA ARTISAN BAKERY's willful violations of the Act, Plaintiff is entitled to liquidated damages.

77. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from OLENKA ARTISAN BAKERY.

WHEREFORE, Plaintiff respectfully prays for the following relief against OLENKA ARTISAN BAKERY:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### VIOLATION OF FLSA/MIMIMUM WAGES against PRIETO

78. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

79. At the times mentioned, Defendant PRIETO was, and is now, a corporate officer and manager of corporate Defendants ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

80. PRIETO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendants ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

81. Specifically, PRIETO supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

82. Defendant PRIETO is the manager and owner, and exercised operational control over the activities of, corporate Defendants ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

83. PRIETO had operational control of the businesses and is thus jointly liable for Plaintiff's damages.

84. Defendant PRIETO willfully and intentionally refused to properly pay Plaintiff at least

minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant PRIETO:

A. Adjudge and decree that Defendant PRIETO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF FLSA/OVERTIME against PRIETO

85. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

86. At the times mentioned, Defendant PRIETO was, and is now, a corporate officer and manager of corporate Defendants, ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

87. PRIETO was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that PRIETO acted directly in the interests of INVESTMENTS 2 and OLENKA ARTISAN BAKERY in relation to its employees including Plaintiff.

88. Specifically, PRIETO is the owner of the corporations, and the individual who hired the Plaintiff. PRIETO supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

89. PRIETO had operational control of the businesses and is thus jointly liable for Plaintiff's damages.

90. Defendant PRIETO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

91. By reason of the said intentional, willful and unlawful acts of PRIETO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

92. As a result of PRIETO'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant PRIETO:

> A. Adjudge and decree that PRIETO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;
>
> B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and
>
> C. Award Plaintiff an equal amount in double damages/liquidated damages; and
>
> D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and
>
> E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
## VIOLATION OF FLSA/MIMIMUM WAGES against RIGLOS

93. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

94. At the times mentioned, Defendant RIGLOS was, and is now, a corporate officer and manager of corporate Defendants ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

95. RIGLOS was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendants ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

96. Specifically, RIGLOS supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

97. Defendant RIGLOS is the manager and owner, and exercised operational control over the activities of, corporate Defendants ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

98. RIGLOS had operational control of the businesses and is thus jointly liable for Plaintiff's damages.

99. Defendant RIGLOS willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

## COUNT VIII
**VIOLATION OF FLSA/OVERTIME against RIGLOS**

100.   Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

101.   At the times mentioned, Defendant RIGLOS was, and is now, a corporate officer and manager of corporate Defendants, ROKO INVESTMENTS 2 and OLENKA ARTISAN BAKERY.

102.   RIGLOS was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that RIGLOS acted directly in the interests of INVESTMENTS 2 and OLENKA ARTISAN BAKERY in relation to its employees including

Plaintiff.

103. Specifically, RIGLOS is the owner of the corporations, and the individual who hired the Plaintiff. RIGLOS supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

104. RIGLOS had operational control of the businesses and is thus jointly liable for Plaintiff's damages.

105. Defendant RIGLOS willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

106. By reason of the said intentional, willful and unlawful acts of RIGLOS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

107. As a result of RIGLOS willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant RIGLOS:

    A. Adjudge and decree that RIGLOS has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, AMILCAR AMBIELA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 15, 2022

                                           **PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com