**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cv-61736-SINGHAL/DAMIAN

AMILCAR AMBIELA,

     Plaintiff,

vs.

ROKO INVESTMENTS 2 LLC, *et al.*,

     Defendants.

_____/

**REPORT AND RECOMMENDATION ON**
**JOIN MOTION FOR APPROVAL OF PARTIES' SETTLEMENT**
**AGREEMENT AND DISMISSAL WITH PREJUDICE [ECF NO. 33]**

THIS CAUSE is before the Court on Plaintiff, Amilcar Ambiela's ("Plaintiff" or "Mr. Ambiela"), and Defendants, Roko Investments 2 LLC, Roko Investments LLC d/b/a/ Olenka Artisan Bakery, Oscar Prieto, and Olenka Riglos' (collectively, "Defendants"), Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice, filed December 30, 2022. [ECF No. 33 ("Motion")]. This matter is before the undersigned pursuant to an Order of Referral by the Honorable Raag Singhal, United States District Judge. [ECF No. 34]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has considered the Motion, the proposed Settlement Agreement [ECF No. 33-1], the pertinent portions of the record, and the relevant legal authorities. The undersigned also heard from the parties, who appeared, through counsel, for a Zoom Fairness Hearing on January 17, 2023, and is otherwise fully advised in the premises. For the reasons set forth on the record and below, the undersigned recommends that the Court grant the Motion and approve the Settlement Agreement.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2022, Mr. Ambiela filed the Complaint, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid minimum and overtime wages. *See* ECF No. 1 ("Complaint"). According to the allegations in the Complaint, Defendant Roko Investments LLC, d/b/a Olenka Artisan Bakery, owns and operates a bakery in Weston, Florida, and Defendant Roko Investments 2 LLC owns and operates a warehouse where some of the goods sold at Olenka Artisan Bakery are prepared. *Id.* at ¶¶ 9-12.  The Complaint also alleges that Defendants Prieto and Riglos are owners of the two Corporate Defendants. *Id.* at ¶¶ 17-19.  Defendants employed Mr. Ambiela as a cook from January 1, 2022, through June 29, 2022. *Id.* at ¶ 23. Mr. Ambiela alleges he worked between seven and ten hours a day, six days a week, and was paid $1,000 a week regardless of the amount of hours he worked. *Id.* at ¶ 24

On October 7, 2022, Mr. Ambiela filed a Statement of Claim. [ECF No. 11 ("Statement of Claim")]. In the Statement of Claim, Mr. Ambiela alleges he is owed $1,000 because Defendants failed to compensate him for his first week of work. *Id.* at 1. He further alleges that he worked approximately 11 to 32 overtime hours each week during his 22.6 weeks of employment and is owed between $2,436.28 and $5,019.08 in overtime wages. *Id.* at 2. Therefore, in the Statement of Claim, Mr. Ambiela claims he is owed a minimum of $6,872.56, which is comprised of $3,436.28 in unliquidated damages and $3,436.28 in liquidated damages, plus attorneys' fees and costs.

On December 30, 2022, the parties submitted the Motion now before the Court seeking approval of their proposed settlement agreement, pursuant to *Lynn's Food Stores, Inc.*

*v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissal of the action with prejudice. Mot. at 8.

## II.    APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who violates the FLSA is liable to its employee for any unpaid minimum and/or overtime wages, as well as an equal amount in liquidated damages. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there are two ways in which claims arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is allowed under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or

3

computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors), and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

## III.   DISCUSSION

With the foregoing in mind, the undersigned has scrutinized the parties' proposed Settlement Agreement for fairness.

### a. *The Settlement Amount*

Under the proposed Settlement Agreement [ECF No. 33-1 ("Agreement")], Defendants agree to pay Mr. Ambiela the total sum of $5,398. Agreement at 1. As indicated above and in the Statement of Claim, Mr. Ambiela initially sought $3,436.28 in unliquidated damages and $3,436.28 in liquidated damages. Therefore, the settlement amount of $5,398 fully satisfies Mr. Ambiela's claim for alleged unpaid wages and satisfies approximately seventy-eight percent (78%) of the total damages, including liquidated damages, originally sought in the lawsuit. Statement of Claim at 1-2.

At the Fairness Hearing, counsel for both parties agreed the negotiated terms of the Agreement are fair and equitable considering the strengths and weaknesses of the parties' respective positions. Mot. at 9.

The undersigned has scrutinized the terms of the Agreement and considered the above referenced factors. Based on the parties' representations and their expressed concerns regarding the alleged FLSA claims, the undersigned finds the settlement amount represents a fair and reasonable resolution of a bona fide dispute between the parties under all the circumstances presented and that Mr. Ambiela has not unfairly compromised his FLSA claims. The undersigned also finds the Agreement promotes the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354.

Having found the settlement amount is fair and reasonable, the undersigned addressed the specific terms of the Agreement with counsel.

### b. *Attorneys' Fees*

In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As part of the Agreement, separate and apart from the amount paid to Mr. Ambiela, Defendants will pay Mr.

Ambiela's counsel $4,604.00 in attorneys' fees and costs. The Motion states that this amount was negotiated separately from the amount paid to Mr. Ambiela for his FLSA claims. Mot. at 2. In support of the Motion, the parties submitted Plaintiff's counsel's billing records for the Court to review. [ECF Nos. 33-2, 33-3]. Plaintiff's counsel, Ms. Nathaly Saavedra, Esq., billed 13.64 hours at a rate of $310/hour and Ms. Jocelyn Rocha, Esq., billed 12.1 hours at a rate of $200/hour. *See id*.

Based on the parties' representation that Mr. Ambiela's attorneys' fees were agreed upon separately and without regard to the settlement amount paid to Mr. Ambiela, and finding the Agreement is otherwise reasonable on its face, the undersigned finds Mr. Ambiela's recovery was not adversely affected by the amount of fees paid to his attorney. Therefore, the Court may approve the Agreement without separately considering the reasonableness of the fee to be paid to Mr. Ambiela's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Even so, the undersigned has reviewed counsel's billing records and finds the amount billed, including the number of hours expended (25.74) and the hourly rate ($310/hour for Ms. Saavedra and $200/hour for Ms. Rocha), is reasonable based on the facts and circumstances of this case. *See id*. The Court may rely on its own experience in determining reasonableness of fees and does so here. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question [of reasonable hourly rates and hours expended] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))).

Accordingly, the undersigned finds the fees to be paid to Mr. Ambiela's counsel pursuant to the Agreement are reasonable and have not adversely affected the amounts paid to Mr. Ambiela under the Agreement.

### c. *General Mutual Release*

The Agreement also provides for mutual general releases of all claims the parties may have against each other. Agreement at 2-3.

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and, therefore, such releases "confer an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010) (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352; *see also Bradford v. Ancient City Grp. LLC*, No. 21-513, 2022 WL 549589, at *3 n.2 (M.D. Fla. Feb. 15, 2022) ("Some judges will not approve an agreement to settle a FLSA claim that includes a general release because, without an indication of the value of the released claims, the fairness and reasonableness of the compromise cannot be determined."); *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (denying without prejudice joint motion to approve FLSA settlement where "the Agreement contains unbounded and pervasive release provisions" requiring the plaintiff to "release many known and unknown legal claims that have nothing apparent to do with the current FLSA dispute"). Nevertheless, "if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible." *Herrera v. FS Invs. of America, Inc.*, No. 20-2465, 2021 WL 1602120, at *2 (M.D. Fla. Apr. 8, 2021).

The undersigned has reviewed the terms of the mutual general releases, and addressed the general releases with the parties, through counsel, during the Fairness Hearing. Counsel represented that there are no other pending claims between the parties, that the releases were a significant factor in the parties' negotiations, and that the settlement amount is partly attributable to the inclusion of the releases. Based on the foregoing, the undersigned finds that the general releases do not undermine the fairness of the Agreement.

### d. Confidentiality Provision

The Agreement contains a confidentiality provision in which the parties agree that the terms of the settlement will not be discussed either directly or indirectly with any other person, with limited exceptions.[1] Agreement at 5. The parties agree that in response to an inquiry, Mr. Ambiela may state that the "differences with Defendants have been resolved" without violating this covenant. *Id*.

Confidentiality provisions in FLSA settlement agreements are often rejected by district courts because courts consider them to "thwart Congress's intent to ensure widespread compliance with the FLSA." *Herrera*, 2021 WL 1602120, at *2 (citing cases). Moreover, "[j]udicial records are presumed to be public documents because '[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Smith v. Target Corp.*, No. 21-80307-CIV, 2021 WL 5366876, at *1 (S.D. Fla. Nov. 18, 2021) (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). Therefore, a confidentiality provision in an FLSA settlement agreement "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA right." *Mingo v. Ironclad Projects, LLC*,

---

[1] The undersigned notes that the parties filed the Settlement Agreement in the record and discussed its terms in the Motion. The parties did not request that the Court not discuss the terms on the record.

No. 19-CIV-62202, 2021 WL 8894997 at *4 (S.D. Fla. Mar. 1, 2021) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)).

At the Fairness Hearing, the undersigned heard from counsel regarding the confidentiality of the Settlement Agreement. Although no separate consideration was given to Mr. Ambiela for this provision, the parties agree that the confidentiality provision is fair and reasonable and that, despite the provision, the terms of the Agreement may remain available in the public record. Further, Mr. Ambiela's counsel confirmed that Mr. Ambiela fully understands the confidentiality requirements. Accordingly, under the circumstances presented here, the undersigned finds that the confidentiality provision does not undermine the fairness of the Agreement.

### e. *Non-Disparagement Provision*

The Agreement contains non-disparagement provisions in which the parties agree to refrain from disparaging each other, including through any comments, postings, or other communications on social media. *Id*. at 2, 4. The Agreement further provides that Defendants will simply provide Mr. Ambiela's prospective employers with the dates of Mr. Ambiela's employment and the last position he held. *Id*. at 2.

Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them. *Dees*, 706 F. Supp. 2d at 1242–43; *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003); *Hanson v. Wells Fargo Bank, N.A.*, No. 08–80182–Civ, 2009 WL 1490582 (S. D. Fla. May 26, 2009). However, a number of courts have approved FLSA settlements in which the employee received additional consideration in exchange for non-cash concessions that went beyond the release of the FLSA claims. *DeGraff v. SMA Behavioral Health Serv., Inc.*, 945 F. Supp. 2d 1324, 1329–30

(M.D. Fla. 2013); *Caamal v. Shelter Mortgage Co., LLC*, No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, *4 (M.D. Fla. Sept. 26, 2013).

During the Fairness Hearing, the undersigned addressed this provision with counsel, both of whom agreed the provision enabled the parties to reach swifter resolution. And Mr. Ambiela's counsel asserted that Mr. Ambiela fully understands the provision and its implications. Accordingly, the undersigned finds that the inclusion of the non-disparagement provisions does not undermine the fairness of the Agreement under the circumstances presented.

### f. Retention of Jurisdiction

Finally, the parties request the Court reserve jurisdiction for 90 days to enforce the terms of the Agreement. "To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1279 (11th Cir. 2012*). Noting that the parties filed the Agreement in the Court's docket, the undersigned finds the request to reserve jurisdiction to enforce the terms of the Agreement is reasonable.

### IV.    FINDINGS

The undersigned has considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective positions; and the parties' desires to resolve their disputes without protracted litigation.

As set forth on the record and above, the undersigned finds that the settlement represents a genuine compromise of a bona fide dispute. Defendants, who deny liability, have agreed to pay Mr. Ambiela more than they believe he is due under the law. The parties have agreed to settle because of reasonable strategic and financial considerations.

The undersigned also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The unseasoned further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable and that the amount claimed as payment for Mr. Ambiela's counsel's fees and costs is also reasonable.

## V.    RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully recommends that the Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice [ECF No. 33] be **GRANTED**, that the Settlement Agreement be **APPROVED** as fair and reasonable, and that the case be **DISMISSED WITH PREJUDICE**.

The undersigned also recommends that the Court approve the parties' request to retain jurisdiction for 90 days, administratively close the case, and deny all pending motions as moot.

The Parties will have **five (5) calendar days**[2] from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Raag Singhal, United States District Court Judge. Failure to file objections timely shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2020).

---

[2]  Counsel stated during the Fairness Hearing that they do not object to the undersigned recommending that the settlement be approved. Therefore, the undersigned finds good cause to shorten the time to file objections to the Report and Recommendation to five days.

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 20th day of

January 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Raag Singhal
       Counsel of Record